UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANGEL J. MELENDEZ | * | CIVIL ACTION |
| VERSUS | * | NO. 23-2127 |
| NCL BAHAMAS, LTD., ET AL. | * | SECTION "H" DIV. (2) |

**ORDER AND REASONS**

Before me is Defendant/Third-Party Plaintiff NCL (Bahamas) Ltd.'s Motion for Leave to File First Supplemental and Amended Third-Party Complaint and Rule 14(c) Tender. ECF No. 43. Contrary to Local Rule 7.6,[1] movant failed to indicate whether it sought consent from the other parties and that consent was either obtained or denied. This motion was noticed for submission before Judge Milazzo but scheduled for submission before Judge Currault for Wednesday, December 17, 2026, in accordance with Local Rule 72.1. ECF No. 43-4; E.D. La. L.R. 72.1. As of this date, however, no party has filed an Opposition Memorandum, and the deadline for filing same expired on Tuesday, December 9, 2026. *See* E.D. La. L.R. 7.5.

Considering the record, argument, the lack of opposition, and the applicable law, and after finding that the motion has merit, the Motion is GRANTED for the reasons that follow.

**LAW AND ANALYSIS**

Defendant/Third-Party Plaintiff NCL Bahamas Ltd. seeks to amend its Third-Party Demand and Rule 14(c) tender based on recently discovered evidence. ECF No. 43; No. 43-1 at

---

[1] Local Rule 7.6 provides:

> Before filing any motion for leave to intervene, amend pleadings or file a third-party complaint, the moving party must attempt to obtain consent for the filing and granting of the motion from all parties having an interest to oppose. If consent is obtained, the motion need not be assigned a submission date, but must be accompanied by a proposed order and include a certification by counsel for the moving party of the consent of opposing counsel.

1

2. Movant timely sought leave to amend before expiration of the Scheduling Order's deadline. *See* ECF No. 42 at 1 (setting deadline of November 20, 2025). Thus, the request for leave to amend is governed by Rule 15(a) rather than the more stringent good cause requirements of Rule 16(b).[2]

Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so requires."[3] The five relevant considerations for examination by the court in determining whether to grant leave to amend a complaint are: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.[4] Given Rule 15(a)'s "bias in favor of granting leave to amend,'" absent a "substantial reason," the court's discretion "is not broad enough to permit denial."[5]

## CONCLUSION

No party has filed an Opposition to the motion. Moreover, given the early stage of this case and the failure to identify any reason for opposition to the motion, there is no "substantial reason" to deny the request for leave to amend under Rule 15(a). Accordingly, for the foregoing

---

[2] *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003) (holding Rule16(b) governs the amendment of pleadings after a scheduling order deadline has expired and that Rule 16's good cause standard must be satisfied first before the more liberal standard of Rule 15(a) applies to the court's decision to grant or deny leave).

[3] Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173–74 (5th Cir. 2006). The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)). A district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility. *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).

[4] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (*citing Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

[5] *Id*. at 595 (citation omitted); *Mayeaux*, 376 F.3d at 425 (footnote omitted) (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling*, 234 F.3d at 872).

reasons and considering the record, the submission, the lack of opposition filed by any party, the failure to demonstrate of prejudice from granting leave to amend, and the applicable law,

IT IS ORDERED that Defendant/Third-Party Plaintiff NCL (Bahamas) Ltd.'s Motion for Leave to Amend Third Party Demand and Rule 14(c) Tender (ECF No. 43) is GRANTED;

IT IS FURTHER ORDERED that the Clerk file the proposed amended pleading (ECF No. 43-2) into the court record.

New Orleans, Louisiana, this __17th__ day of December, 2025.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE